APRIL 21, 2015

KENNETH RAY BROWN #334618
JAMES V. ALLRED UNIT
2101 FM 369 N
IOWA PARK, TEXAS 76367

CLERK OFFICE:
COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

Re:  EX PARTE .. KENNETH RAY BROWN
     WRIT NUMBER---33,336-11
     TRIAL COURT  NUMBER ---348455-F

CLERK,

    Enclosed is a motion thats to be filed in this Court of Criminal Appeals
to the above--captioned.

    Please inform me upon the filing of the enclosed motion.

                              Thank you,

                         Sincerely,

                         KENNETH RAY BROWN

CCFILED:

ONE OF ONE PAGE

## IN THE

## COURT OF CRIMINAL APPEALS

EX PARTE                              §        WRIT NUMBER--33,336-11

                                      §

KENNETH RAY BROWN,                    §        TRIAL COUNT NUMBER--348455-F
            Movant.

## MOTION FOR AN EVIDENTIARY HEARING IN CONVICTING
## COURT TO DEVELOP FACTS AS TO WHETHER APPLICANT
## HAD THE BENEFIT OF COUNSEL REPRESENTATION

This motion is brought Pro Se by Kenneth Ray Brown a State Prisoner of Texas herein called "MOVANT or BROWN" and submits this motion pursuant to the Rules of Texas Courts.

Movant request a simple hearing in the 248th District Court of Harris County, Texas (trial Court) in order for the convicting court to aid this Court of Criminal Appeals in developing the FACTS from the Official Court Records.

The FACTS that would be developed concerns matters to the above-captioned cause in this Court for consideration. As to whether the Applicant had the benefit of COUNSEL REPRESENTATION thereto all the proceeding, or "critical stages" following the State's requested and granted PETITION OFR DISCRETIONARY REVIEW (PDR). Movant would show the following for such hearing.

### I.

The FACTS to this mater for development are whether Brown (Applicant) was without the benefit of counsel, or prevented from the benefit of counsel representation for his reinstated conviction, and reinstated direct appeal as claimed and presented in the current 11.07 application. Which claims are highly disputed by the District Attorney for Harris County, Texas. This disput is clearly indicated

1

from the STATE'S ORIGINAL ANSWER that states; "The State denies the factual allegation made in the instant application, except those supported by the official court record." Id. 2. The District Attorney's statement appears and indicates a mutilation of the facts, or an attempt to mar the official court records without providing this Court with the necessary records needed to develop and establish that Brown was provided by the Court(s)' fulfillment of their obligation of appointing counsel for Brown's indigent status as to providing his United States Constitution Sixth Amendment Rights to Counsel at "critical stages" of the reinstated conviction, and reinstated first direct appeal. Which proceedings determined his fate as to the affirmed adjudication judgment under cause number 10-83-095-CR and his life imprisonment.

## II.

The FACTS that needs to be develop from the records in a hearing of Brown's current 11.07 application reach back as far as OCTOBER 30, 1985 which is the date that the Court of Criminal Appeals granted the State's requested PDR. Since it is necessary to reach back to October 30, 1985 in order to determine Brown's claims of being without, or prevented from the benefit of counsel following said date. And, to determine as to whether the State agree upon this factual allegation, or denies this allegation. A hearing should be order in the convicting court to settle what happened following the granted State's PDR since such happening are not agreed upon nor disagreed upon. Such is indicated in the District Attorney's statement. Id. 2.

Since the District Attorney has created an imbroglio statement as to which claims are supported by the records. This significance of Brown being without, or prevented from the benefit of counsel representation following the State's granted PDR must be develop in a hearing in order to determine whether the adjudication judgment under cause number 10-83-095-CR is in FACT a void judgment as presented in writ number. 33,336-11.

2

## III.

The FACTS that needs to be develop from the official court records in a hearing of Brown's current 11.07 application reach back as far as NOVEMBER 25, 1987 which is the date that the Court of Criminal Appeals following the State's granted PDR remanded Brown's successful **reversal** of the trial court's conviction back to the Tenth Court of Appeals for reconsideration of it initial disposition. With this in mind, its also necessary to reach back to JANUARY 21, 1988 which is the date that the Tenth Court of Appeals affirmed the adjudication judgment under cause number 10-83-095-CR following the remand.

Since these two dates are significance to Brown's claims presented in the current 11.07 application as to him being without the benefit of counsel, or prevented from the benefit of counsel. At this "critical stage" of the remand, which remand clearly reinstated the original direct appeal. Thereby clearly involving Brown's liberty. A hearing should be order in the convicting court to develop and settle what happened between November 25, 1987 and January 21, 1988 since such happening are not agreed upon, nor disagreed upon by the State.

A hearing to develop the FACTS as to whether Brown's factual allegations are true and correct as presented and argued in the current 11.07 applciation of him not participating, nor having counsel representing on his behalf during the proceedings of his reinstated direct appeal. Which proceedings imprison him for life. Such hearing would account for this allegation.

Since the District Attorney has created an imbroglio situation of FACTS (referring to the statement in the original ANSWER Id.2) as to which claims are supported by the records. The significance of Brown's factual allegations of being without, or prevented from the benefit of counsel representation following the remand of his successful direct appeal and the reinstated direct appeal which determined his fate. Thus, a hearing is in order to develop and determine whether the factual allegations

3

as presented and argued in writ 33,336-11 are true and correct. Thereby such findings of facts would aid this Court's decision as to whether the adjudication judgment under cause number 10-83-095-CR is in fact a void judgment.

## IV.

As the dates indicates in this motion. The proceedings that actually imprisoned Brown for life goes back some 30 years or more. Thus, his factual allegations as presented in this motion and argued in the 11.07 application are twine with those proceedings of his reinstated conviction, and reinstated direct appeal in a way that must be asserted, or ascertain in a fact finding hearing in order to declare the claimed judgment a void judgment.

However, according to State and Federal Law as argued in ground one of writ 33,336-11. Any factual allegations that suport a void judgment can be brought to the Court's attention at any time any place regardless of how old the dates indicates of the claims. State and Federal Law recognizes that a void judgment cannot be terminated or discontinued from which it was enter. This law includes any state or federal procedural bar.

As in this matter, the claimed void judgment was enter under factual allegations that the proceedings that affirmed the adjudication judgment, Brown was without, or prevented from the benefit of counsel representation.

However, it is this Court's duty to order any hearing that may ascertain claims as presented in writ number 33,336-11. Thereby this Court can make a fair and impartial decision.

WHEREFORE, PREMISES CONCIDERED, Movant/Brown prays that this Honorable Court of Criminal Appeals would grant this motion thereby ordering the convicting court to conduct a FACT findings to the factual allegations as presented in this motion and argued in the 11.07 writ of habeas corpus under writ number 33,336-11.

Signed on this _11_ day of April, 2015.

Respectfully submitted,

KENNETH RAY BROWN

4